```
IN THE UNITED STATES DISTRICT COURT
     MIDDLE DISTRICT OF TENNESSEE
           NASHVILLE DIVISION

KERRY STEEL, INC.,              )
                                )
     Plaintiff,                 )
                                )
     v.                         ) NO. 3:06-0951
                                )
UNARCO MATERIAL HANDLING, INC., ) Judge Nixon/Bryant
                                ) Jury Demand
     Defendant.                 )
```

## MEMORANDUM AND ORDER

Pending before the Court are the following motions: Plaintiff's Motion to Extend Discovery Deadlines (Docket Entry No. 138); Plaintiff's Motion for Case Management Conference and New Scheduling Order (Docket Entry No. 140); Plaintiff's Supplemental Motion for Extension of Time to Complete Discovery and for Case Management Conference and New Scheduling Order (Docket Entry No. 142); Plaintiff's Motion to Amend the Complaint (Docket Entry No. 144); Plaintiff's Motion for Extension of Time to Complete Discovery and for Case Management Conference (Docket Entry No. 151); and Plaintiff's Motion for Hearing on Plaintiff's Motion for Extension of Time To Complete Discovery (Docket Entry No. 153).

Defendant has filed responses in opposition to these motions (Docket Entry No 149 and 154).

For the reasons stated below, the undersigned Magistrate Judge finds that plaintiff's motion to amend the complaint should be denied, and that plaintiff's motions for extension of time to

complete discovery, a new scheduling order and for oral argument should be granted in part and denied in part.

## Summary of Pertinent History of Case

Plaintiff Kerry Steel, Inc. ("Kerry Steel") filed its complaint in this action on June 15, 2006, in the U.S. District Court for the Eastern District of Michigan. The complaint asserted numerous causes of action including fraud in the inducement, misrepresentation and breach of contract arising from an earlier agreement dated December 1, 2004. This 2004 agreement resolved a state court lawsuit filed in 2004 by Kerry Steel alleging that defendant Unarco Material Handling, Inc. ("Unarco") had breached certain agreements to purchase steel (Docket Entry No. 14-1). This case was transferred to this district on October 5, 2006, and defendant Unarco filed an answer and a counterclaim by November 16, 2006 (Docket Entry Nos. 18 and 20). An initial case management order was entered on December 4, 2006, establishing certain pretrial deadlines and setting the case for trial on August 12, 2008 (Docket Entry No. 26).

During the four years that have passed since entry of the initial case management order, the parties have sought, and have been granted, numerous extensions of the pretrial deadlines. Likewise, at the requests of the parties the trial date has been continued multiple times. Additionally, for the better part of the pendency of this case these same parties have been engaged in

2

separate but related state court litigation in the Circuit Court for Robertson County, Tennessee.  Plaintiff Kerry Steel has changed lawyers several times since this case was filed, with its current counsel appearing in this action on August 16, 2010 (Docket Entry No. 117).  Approximately one month thereafter, on September 17, 2010, Kerry Steel filed its motion to continue the trial date, then set for December 7, 2010 (Docket Entry No. 130).  As grounds for its motion, Kerry Steel cited its recent employment of new counsel, the scheduled October 2010 trial of the state court action involving these parties, the pendency of Unarco's motion for partial summary judgment, the need for additional time to allow for completion of depositions of defendant's expert, David C. Wood, and completion of the deposition of Tom Bonk, plaintiff's chief financial officer.  Kerry Steel asserted in this motion that additional time was needed to complete this discovery and to prepare adequately for trial (Docket Entry No. 131).  The Court granted plaintiff's motion to continue, and reset the trial of this case for April 12, 2011 (Docket Entry No. 132).

Thereafter, on October 15, 2010, plaintiff Kerry Steel filed its motion to amend its complaint to add a number of new claims and legal theories, including a claim that Kerry Steel was wrongfully subjected to "economic duress" when it entered the December 2004 agreement that forms the basis of its original complaint.  As grounds for its motion to amend, Kerry Steel cites

3

deposition testimony of a Unarco officer recently obtained in the state court litigation (Docket Entry No. 144-1).

Rule 15(a) of the Federal Rules of Civil Procedure states the general rule that courts "should freely give leave [to amend pleadings] when justice so requires." Despite this liberal standard favoring amendment of pleadings, granting leave to amend does have its limits. Here, the undersigned Magistrate Judge finds that plaintiff Kerry Steel is guilty of undue delay in filing this motion for leave to amend its complaint. This motion is filed over four years after the filing of the original complaint, beyond the deadline for completing discovery, and after defendant's motion for partial summary judgment has been fully briefed. Although Kerry Steel has changed lawyers multiple times since this case began, the Court finds that plaintiff at all times has been represented by competent, experienced counsel. In view of the multiple extensions of the deadline to complete discovery, Kerry Steel has failed to demonstrate any good cause why it has delayed in taking the deposition of the Unarco officer upon whose testimony plaintiff's motion to amend is premised. Finally, the undersigned Magistrate Judge finds that defendant Unarco would be materially prejudiced if, at this late date, new claims, requiring significant additional discovery, were introduced into this case. For these reasons, the undersigned Magistrate Judge **DENIES** plaintiff's motion to amend its

complaint. See Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 346 (6th Cir. 2007); Fed.R.Civ.P. 16(b)(4).

With respect to plaintiff's motions seeking a further extension of the deadline within which to complete discovery and a new scheduling order, the Court **GRANTS** these motions in part. The deadline for completing discovery is extended to and including **Tuesday, March 1, 2011**, for the limited purpose of taking the deposition of defendant's expert witness, David C. Wood, and the completion of the deposition of Tom Bonk, plaintiff's chief financial officer. The undersigned Magistrate Judge further finds that, in view of the ample written filings of the parties, oral argument on these motions is unnecessary and, to this extent, plaintiff's motion seeking oral argument is **DENIED**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge